# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5775 | **DATE** | 9/24/2010 |
| **CASE TITLE** | Marc Lindsey (#2009-1021138) vs. Salvador Godinez, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed in forma pauperis [3] is denied. Plaintiff is given until October 26, 2010, to pay the filing fee. Plaintiff is warned that failure to pay the filing fee by October 26, 2010, will result in the dismissal of the instant action. Plaintiff's motion for appointment of counsel [4] is denied.

■ [ For further details see text below.]        Docketing to mail notices.

# OPINION

This matter is before the court on Plaintiff Marc Lindsey's (Lindsey) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Lindsey has failed to provide the court with an accurately completed *in forma pauperis* application form. For example, Lindsey indicates on his *in forma pauperis* application form that he has not received more than $200 in income from any source in the last twelve months. (IFP 1-3). However, a review of Lindsey's prison trust account statement indicates that more than $500 has been deposited in the account in the last twelve months. Lindsey also indicates on his *in forma pauperis* application form that he does not receive any payment for work he performs at the prison where he is incarcerated. (IFP 1). However, a review of Lindsey's prison trust account statement indicates deposits from the prison payroll. Therefore, since Lindsey has not provided accurate financial information on his *in forma pauperis* application form, we deny the motion for leave to proceed *in forma pauperis*. Lindsey is given until October 26, 2010, to pay the filing fee. Lindsey is warned that failure to pay the filing fee by October 26, 2010, will result in the dismissal of the instant action.

Lindsey also seeks an appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion,

| **OPINION** |
|---|

can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Lindsey has not shown himself to be indigent or shown that he has made efforts to obtain counsel. In addition, this case does not appear overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Lindsey's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Lindsey is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this

| **OPINION** |
|---|
| juncture and we deny the motion for appointment of counsel. |